UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

# CIVIL MINUTES - GENERAL

| Case No. | CV 11-4594 PSG (AJWx) | Date | June 15, 2011 |
|---|---|---|---|
| Title | HSBC Bank USA v. Jose Wilfredo Lopez, *et al*. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING case to state court

    On May 27, 2011, Defendant Jose Wilfredo Lopez ("Defendant") filed a notice of removal of an unlawful detainer action brought by Plaintiff HSBC Bank USA ("Plaintiff"). After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

    The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L. Ed. 2d 318 (1987). Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.

    Although Defendant raises 15 U.S.C. § 1601, *et seq.* and 12 U.S.C. § 2601, *et seq.*, among others, in defense, the Court lacks jurisdiction over these claims as well. Under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, 3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

    Furthermore, the Court notes that there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-4594 PSG (AJWx) | Date | June 15, 2011 |
|---|---|---|---|
| Title | HSBC Bank USA v. Jose Wilfredo Lopez, *et al*. | | |

parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a). Here, Defendant's notice of removal fails to establish Plaintiff's state of incorporation or principal place of business. Also, from the face of Plaintiff's complaint, it is apparent that Defendant will be unable to prove that the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs, as Plaintiff seeks less than $10,000. Thus, diversity jurisdiction is lacking.

Even if the Court were to find that complete diversity existed between the parties and the amount in controversy requirement was met, this action would not be removable to a District Court in California. If the Court's basis for subject matter jurisdiction is founded on diversity, an "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendant's notice of removal states that Defendant is a citizen of California, the state in which such action was brought. Thus, this action is not removable to a District Court in California.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case.

**IT IS SO ORDERED.**